JEFFERSON PATTEN, JR., *et al.*, Appellants, *against* LO-RENZO J. KAVANAGH, Respondent.

(Decided January 12th, 1883.)

The rule that one partner cannot bind the other by an instrument under seal, does not apply to an instrument which would be equally operative without a seal; as a bill of sale, under seal, of partnership property, in discharge of a partnership obligation, without delivery of the property at the time; to the effect of which the seal adds nothing.

APPEAL from a judgment of a district court in the City of New York.

The action was brought to recover damages for the conversion by the defendant of personal property claimed by the plaintiffs.

The facts are stated in the opinion.

CHARLES P. DALY, Chief Justice.—When the bill of sale was shown to Kavanagh by the plaintiffs' clerk, Kavanagh declared that he would not submit to it, that his partners had no authority to make it. When Patten told him afterwards that the plaintiffs had bought the property from his two partners, in the firm name, Kavanagh stated, "I told him I objected to that; that it was a strange proceeding; that they had no right to sell the property." And when dispossessed of the premises, he got a truck and carried the property away with him to another place, which was sufficient evidence of a conversion to maintain an action for a tortuous taking. The property passed, by the bill of sale, to the plaintiffs. Any one of the co-partners has a right to apply the partnership effects in discharge of a partnership obligation. The common law rule, that one partner cannot bind the other by an instrument under seal, does not apply where the agreement in writing would be equally operative with a seal or without it (*Purviance* v. *Sutherland*, 2 Ohio St. 478; *Tapley* v. *Butterfield*, 1 Metc. [Ky.] 515; 1 Collier on Partnership, by Wood, 6th ed. 755 *n*. 1.

As there was no delivery of the property at the time the sale was made by the other two partners, any note or memorandum of the contract, in writing, subscribed in the name of the firm, would have been sufficient to have satisfied the statute, and have transferred the property to the plaintiffs. A seal would have added nothing to the effect of the contract. A sale like this, which one partner may make without the concurrence of his co-partners, is in no way impaired, affected or changed in its character because he attaches a seal to the writing which he gives as evidence of the transfer of the property. It is otherwise, however, where a seal is essential to the validity of a transaction, or where the attaching of one enhances or varies the nature of the obligation. In such cases a partner cannot bind his co-partner, unless he has authority to do so; or it may be implied from the nature of the business or the recognition of the trans-

action afterwards, or of like transactions by the other partner. Such a rule has no application to those transactions in the course of the partnership business, where one partner is, from the nature of the relation, authorized to do whatever the others may do; such as buying, selling, or applying the partnership effects in discharge of the partnership debts; and if a seal be attached by him to a writing in such a transaction, which was not at all essential, the attaching of one does not bring the instrument within the reason or operation of the rule above stated.

The judgment should therefore be reversed.

VAN HOESEN, J., concurred.

Judgment reversed.